IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD DEAN ROBERTS,<br><br>Defendant. | Case No. CR15-0079<br><br>ORDER FOR PRETRIAL DETENTION |

On the 1st day of September, 2015, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, Cory Goldensoph.

## I. RELEVANT FACTS AND PROCEEDINGS

On August 26, 2015, Defendant Richard Dean Roberts was charged by Indictment (docket number 2) with distribution of heroin. At the arraignment on August 28, 2015, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on October 26, 2015.

Officer Jared Hicks of the Cedar Rapids Police Department testified regarding the circumstances underlying the instant charge. On August 12, 2015, authorities were called to the home of "KD" regarding a possible drug overdose. KD is the mother of Defendant's six-year-old son. When authorities arrived, they found KD unconscious. EMTs administered Narcan (an opiate blocker) and transported KD to the hospital. KD later told authorities that Defendant had injected her — at her request — with heroin. Defendant admitted that he had injected KD with heroin, and also admitted moving drug paraphernalia in an attempt to hide it from authorities.

Defendant told the pretrial services officer that he started using heroin approximately three years ago, and has used it at least twice per week for the majority of the time since then. In September 2014, authorities were called to Defendant's parents' home after Defendant overdosed on heroin. He was taken to Mercy Hospital. In November 2014, Defendant was involved in a motor vehicle accident after using heroin and losing control of his vehicle. A search of his person also revealed a small bag of methamphetamine. Defendant was convicted of operating a motor vehicle while under the influence as a consequence of that accident.

In January 2015, Defendant lost consciousness after purchasing and injecting heroin at a Casey's store. Defendant's six-year-old son was with him at the time. Authorities were called and he was transported to the hospital. In March 2015, authorities were called when Defendant overdosed on heroin at his parents' home. He was found unconscious in the bathroom by his six-year-old son. Defendant's mother told the pretrial services officer that she had to perform CPR on Defendant at that time. Defendant's parents called 911 and he was taken to the hospital.

Following the March 2015 overdose, Defendant completed a 30-day inpatient substance abuse treatment program at Pathways in Waterloo. (Defendant had also completed a substance abuse treatment program at the Iowa Mental Health Institute in Mount Pleasant in 2013.) Despite completing the treatment program, however, Defendant has continued to use heroin. Defendant told the pretrial services officer that he last used heroin the day before his arrest in this case.

Defendant is 32 years old. He was born and raised in Cedar Rapids, and has lived here most of his life. Defendant works odd jobs, sells blood plasma, and receives financial support from his parents. Defendant does not have stable employment. Prior to his arrest, he was living by himself. Defendant is in good physical health.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A

3

finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to

the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with distribution of heroin. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(C).

Because there is probable cause to believe Defendant has committed a serious drug offense, there is a rebuttable presumption that he should be detained pending trial. The weight of the evidence against Defendant is strong. When called to KD's home on August 12, 2015, it was discovered that she had overdosed on heroin. Both KD and Defendant subsequently told authorities that Defendant had injected KD with heroin.

It is apparent that Defendant is addicted to heroin. Defendant admitted that he has used heroin at least twice per week for the past three years. Defendant has continued to use heroin despite four overdoses in the past year. He has continued to use heroin after recently completing an inpatient substance abuse treatment program. He continued to use heroin after the mother of his child overdosed on heroin injected by him. Defendant last used heroin the day prior to his arrest. It appears that nothing will deter Defendant from using heroin. Certainly, a court order directing Defendant to not use illegal controlled substances will have no effect. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds

by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (August 28, 2015) to the filing of this Ruling (September 1, 2015) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 1st day of September, 2015.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA